# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES E. ONSAGER and ALFRED J. WITTINE, <br><br> Defendants. <br> ------------------------------------------------- <br> JAMES E. ONSAGER, <br><br> Cross claimant, <br><br> vs. <br><br> ALFRED J. WITTINE, <br><br> Cross defendant. <br> ------------------------------------------------- <br> JAMES E. ONSAGER, <br><br> Counter claimant, <br><br> vs. <br><br> LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Counter defendant. <br> ------------------------------------------------- | No. 13-CV-1030-LRR <br><br> **ORDER** |

ALFRED J. WITTINE,

    Cross claimant,

vs.

JAMES E. ONSAGER,

    Cross defendant.

---

ALFRED J. WITTINE,

    Counter claimant,

vs.

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Counter defendant.

_____

The matter before the court is Attorney Cory R. Thein's noncompliance with the court's Trial Management Order (docket no. 17). On March 4, 2015, the court held a Final Pretrial Conference and Show Cause Hearing ("Hearing").

It is "firmly established" that federal courts have "an inherent power 'necessary to the exercise of all others.'" *Harlan v. Lewis,* 982 F.2d 1255, 1259 (8th Cir. 1995) (quoting *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34 (1812)); *see also* 18 U.S.C. § 401 (stating that a court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful . . . order . . . .").

> While this inherent power "ought to be exercised with great caution," it includes the power to discipline attorneys appearing before the court. Over the years, the Supreme Court has found inherent power to include the ability to dismiss actions, assess attorneys' fees, and to impose monetary

2

> or other sanctions appropriate "for conduct which abuses the judicial process."

*Harlan*, 982 F.2d at 1259 (citations omitted). However, a lawyer may not be held in contempt for violating a court order unless the order was "'sufficiently specific to be enforceable.'" *In re Medlock*, 406 F.3d 1066, 1071 (8th Cir. 2005) (quoting *Finney v. Ark. Bd. of Corr.*, 505 F.2d 194, 213 (8th Cir. 1974)).

The court finds Attorney Cory R. Thein in contempt of court for disregarding an order of the court. At the Hearing, Attorney Thein did not offer sufficient justification for his failure to comply with the requirements of the Trial Management Order. The Trial Management order directs the parties to jointly prepare a proposed Final Pretrial Order and submit it to the court by email at least five calendar days before the Final Pretrial Conference ("FPTC"). Trial Management Order at 3-4. On February 25, 2015, counsel for James E. Onsager emailed the proposed Final Pretrial Order to the court, but stated that counsel for Wittine did not participate in the preparation of the proposed Final Pretrial Order, despite multiple attempts by counsel for Onsager to contact counsel for Wittine with regard to the Final Pretrial Order. At the Hearing, it was determined that Stephen Scott, an attorney with the same law firm as Attorney Thein, participated in an initial conference call with counsel for Onsager. However, Scott is not licensed to practice in the United States District Court for the Northern District of Iowa and Attorney Thein is the only attorney of record for Wittine. Furthermore, there was no communication from counsel for Wittine regarding the Final Pretrial Order after the initial conference call. The Trial Management Order states that "[e]xhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order." *Id.* at 4. The proposed Final Pretrial Order does not contain the witness list or exhibit list for Wittine, nor were any lists provided to the court prior to the show cause hearing. The Trial Management Order was specific and unequivocal. *See Medlock*, 406 F.3d at 1071.

The court does not impose a monetary sanction, but issues a warning. Attorney Thein assures the court that this conduct will not happen again and the court takes him at his word. Attorney Thein is put on notice that the next time he disobeys an order of this court, the court will impose a monetary penalty against him.

**IT IS SO ORDERED.**

**DATED** this 5th day of March, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA